UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

STEVEN SCHMITT,

                                                                       Plaintiff,

- against -

WILLIAM J. BRATTON, as Police Commissioner of
the City of New York, THE POLICE DEPARTMENT
OF THE CITY OF NEW YORK, and THE CITY OF
NEW YORK,

                                                                         Defendants.

**VERIFIED ANSWER**

16 Civ. 05603 (PGG)

<u>JURY TRIAL DEMANDED</u>

------------------------------------------------------------------------ x

        Defendants, William J. Bratton, as Police Commissioner of the City of New York ("Bratton"), The Police Department of the City of New York ("NYPD"), and The City of New York ("City"), by and through their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their answer to the complaint,[1] respectfully allege as follows:

        1.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1," of the Complaint.

        2.    Deny the allegations set forth in paragraph "2," of the Complaint, except admit that plaintiff was appointed to the title of Police Officer in the NYPD, subject to a probationary period, on July 1, 2004.

        3.    Deny the allegations set forth in paragraph "3," of the Complaint, except admit that William J. Bratton formerly served as the Police Commissioner of the NYPD.

---

[1] This case was brought in the Supreme Court of the State of New York, County of New York, and commenced with a notice of petition and a petition. The case was removed to this Court. For clarity, the term "Complaint" refers to the document denominated "petition" in the State Court.

4. Deny the allegations set forth in paragraph "4," of the Complaint, except admits that the City of New York is a municipal corporation duly organized and existing under the Constitution and laws of the State of New York and that plaintiff was formerly employed by the City in the title of Police Officer, and that plaintiff was appointed as a probationary Police Officer on July 1, 2004, and dismissed from the NYPD on March 21, 2016.

5. Deny the allegations set forth in paragraph "5," of the Complaint, except admit that NYPD in an agency of the City, that it has offices at One Police Plaza, New York, New York, and respectfully refer the Court to Chapter 18 of the New York City Charter and to Title 14 of the New York City Administrative Code for a complete and accurate statement of the powers and duties of the NYPD.

6. Deny the allegations set forth in paragraph "6," of the Complaint, except admit that plaintiff was appointed to the title of police officer on July 1, 2004, subject to a probationary period, and that he was subsequently assigned to the 108th Precinct in Queens, New York.

7. Deny the allegations set forth in paragraph "7," of the Complaint, except admit that plaintiff was appointed to the title of police officer on July 1, 2004, subject to a probationary period, and that he was subsequently assigned to the Queens North Task Force.

8. Deny the allegations set forth in paragraph "8," of the Complaint, except admit that plaintiff was appointed to the title of police officer on July 1, 2004, subject to a probationary period, that he was subsequently assigned to the 109th Precinct, and that plaintiff was insubordinate to his supervisors.

9. Deny the allegations set forth in paragraph "9," of the Complaint, except admit that on or about January 17, 2013, plaintiff was served with departmental disciplinary

charges containing seven specifications under disciplinary case number 2012/7794, and respectfully refer the Court to charges and specifications which are annexed to the Complaint as Exhibit "A," for a complete and accurate statement of their contents.

10. Deny the allegations set forth in paragraph "10," of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's subjective beliefs.

11. Deny the allegations set forth in paragraph "11," of the Complaint, except admit that an administrative trial was conducted on December 2, and December 13, 2013, before Assistant Deputy Commissioner of Trials Amy J. Porter ("ADCT Porter"), and respectfully refer the Court to Report and Recommendation of ADCT Porter which is annexed to the Complaint as Exhibit "B," for a complete and accurate statement of its contents.

12. Deny the allegations set forth in paragraph "12," of the Complaint, and respectfully refer the Court to Report and Recommendation of ADCT Porter which is annexed to the Complaint as Exhibit "B," for a complete and accurate statement of its contents.

13. Deny the allegations set forth in paragraph "13," of the Complaint, and respectfully refer the Court to Report and Recommendation of ADCT Porter which is annexed to the Complaint as Exhibit "B," for a complete and accurate statement of its contents.

14. Deny the allegations set forth in paragraph "14," of the Complaint, except admit that the Police Commissioner approved the findings of fact of ADCT Porter but disapproved of the penalty, and affirmatively state that the Police Commissioner imposed a one-year dismissal probation on plaintiff, and respectfully refer and respectfully refer the Court to Memorandum of the Police Commissioner which is annexed to the Complaint as Exhibit "C," for a complete and accurate statement of its contents.

15. Deny the allegations set forth in paragraph "15," of the Complaint, except admit that plaintiff purports to proceed as set forth in this paragraph.

16. Deny the allegations set forth in paragraph "16," of the Complaint, and repeat and re-allege responses to the above paragraphs of the Complaint as if fully set forth here.

17. Deny the allegations set forth in paragraph "17," of the Complaint.

18. Deny the allegations set forth in paragraph "18," of the Complaint, except admit that plaintiff was referred to the NYPD's Psychological Evaluation Section ("PES") on February 26, 2014, and again, on April 2, 2014.

19. Deny the allegations set forth in paragraph "19," of the Complaint, except admit that PES conducted a review of plaintiff's fitness for duty and, on February 12, 2015, PES found that plaintiff does not have a psychological condition that interferes with his ability to perform as a full duty police officer with firearms.

20. Deny the allegations set forth in paragraph "20," of the Complaint, except admit that plaintiff was employed by the City in the title of Police Officer in the NYPD until he was dismissed from the NYPD on March 21, 2016, and that for a time plaintiff was assigned to the 109th Precinct in Queens, New York.

21. Deny the allegations set forth in paragraph "21," of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's subjective feelings and beliefs.

22. Deny the allegations set forth in paragraph "22," of the Complaint.

23. Deny the allegations set forth in paragraph "23," of the Complaint, except admit that plaintiff was placed on restricted duty status from April 2, 2014, until March 20, 2015.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

25. Deny the allegations set forth in paragraph "25," of the Complaint, except admit that plaintiff was employed by the City in the title of Police Officer in the NYPD until he was dismissed from the NYPD on March 21, 2016.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

27. Deny the allegations set forth in paragraph "27," of the Complaint and respectfully refer the Court to the evaluation which is annexed to the Complaint as Exhibit "D," for a complete and accurate statement of its contents.

28. Deny the allegations set forth in paragraph "28," of the Complaint, except admit that plaintiff continued to be evaluated by PES through February 12, 2015.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29," of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30," of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31," of the Complaint and respectfully refer the Court to the report which is annexed to the Complaint as Exhibit "E," for a complete and accurate statement of its contents.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32," of the Complaint and respectfully refer the Court to

the report which is annexed to the Complaint as Exhibit "E," for a complete and accurate statement of its contents.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33," of the Complaint and respectfully refer the Court to the report which is annexed to the Complaint as Exhibit "E," for a complete and accurate statement of its contents.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34," of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35," of the Complaint, except admit that plaintiff was assigned to the Queens Court Section, effective April 8, 2014, as a result of being placed on restricted duty, and that on March 20, 2015, he was returned to full duty status and thereafter assigned to the 109th Precinct.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36," of the Complaint, except admit that plaintiff was returned to the full duty status on March 20, 2015, and that he was assigned to the 109th Precinct in March, 2015.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37," of the Complaint, except admit that plaintiff was returned to the full duty status on March 20, 2015, that he was issued a full duty identification card on March 20, 2015, and that he re-qualified with a firearm on March 20, 2015.

38. Repeat and re-allege responses to the above paragraphs of the Complaint as if fully set forth here and admit that plaintiff was serving a one-year dismissal probation.

39. Deny the allegations set forth in paragraph "39," of the Complaint, except admit that plaintiff was placed on restricted duty status from April 2, 2014, until March 20, 2015.

40. Admit the allegations set forth in paragraph "40," of the Complaint, and respectfully refer the Court to the cited case and regulation for a complete and accurate statement of their contents.

41. Admit the allegations set forth in paragraph "41," of the Complaint.

42. Deny the allegations set forth in paragraph "42," of the Complaint, except admit that plaintiff's dismissal probationary period was extended, day for day, by the number of days that plaintiff did not perform the full duties of a Police Officer.

43. Deny the allegations set forth in paragraph "43," of the Complaint, except admit that plaintiff was assigned to the 109th Precinct.

44. Deny the allegations set forth in paragraph "44," of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's subjective beliefs and thoughts.

45. Deny the allegations set forth in paragraph "45," of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's subjective beliefs and thoughts, including his alleged intentions concerning an application for ordinary disability retirement.

46. Deny the allegations set forth in paragraph "46," of the Complaint, except admit that plaintiff never submitted an application for ordinary disability retirement.

47. Deny the allegations set forth in paragraph "47," of the Complaint, except admit that plaintiff was dismissed from the NYPD on March 21, 2016.

48. Deny the allegations set forth in paragraph "48," of the Complaint except admit that plaintiff's termination was within the discretion of the NYPD and respectfully refer the Court to the cited cases for a complete and accurate statement of their contents.

49. Deny the allegations set forth in paragraph "49," of the Complaint and respectfully refer the Court to the cited cases for a complete and accurate statement of their contents.

50. Deny the allegations set forth in paragraph "50," of the Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's subjective beliefs and thoughts, including his alleged intentions concerning an application for ordinary disability retirement.

51. Deny the allegations set forth in paragraph "51," of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's subjective beliefs and thoughts, including his alleged intentions concerning an application for ordinary disability retirement and admit that plaintiff was dismissed from the NYPD on March 21, 2016, and that probationary term of plaintiff was extended, day for day, by the number of days that plaintiff did not perform the duties of the position of full duty police officer.

52. Deny the allegations set forth in paragraph "52," of the Complaint.

53. Paragraph "53," of the Complaint asserts legal conclusions and requires no response. To the extent the Court determines this paragraph makes factual allegations and requires a response, defendant denies such allegations as set forth in this paragraph.

54. Deny the allegations set forth in paragraph "54," of the Complaint, and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

55. Deny the allegations set forth in paragraph "55," of the Complaint, and respectfully refer the Court to the cited statute and case for a complete and accurate statement of their contents.

56. Deny the allegations set forth in paragraph "56," of the Complaint.

57. Deny the allegations set forth in paragraph "57," of the Complaint, except admit that on April1 14, 2016, plaintiff's counsel submitted a Freedom of Information of Law ("FOIL") Request to NYPD, and respectfully refer the Court to plaintiff's FOIL request which is annexed to the Complaint as Exhibit "B," for a complete and accurate statement of its contents.

58. Deny the allegations set forth in paragraph "58," of the Complaint, except admit that by letter from the NYPD to plaintiff plaintiff's FOIL request for psychological records was denied, that plaintiff submitted an appeal of the denial of his FOIL request, on May 3, 2016, and respectfully refer the Court to the April 23, 2016, letter and to the May 3, 2016, letter which are annexed to the Complaint as Exhibits "H," and "I," respectively for a complete and accurate statement of its contents.

59. Deny the allegations set forth in paragraph "59," of the Complaint, and respectfully refer the Court to the cited statute and exhibits for a complete and accurate statement of their contents.

60. Deny the allegations set forth in paragraph "60," of the Complaint except admit that plaintiff was dismissed from the NYPD on March 21, 2016, and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

61. Deny the allegations set forth in paragraph "61," of the Complaint, and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

62. Paragraph "62," of the Complaint asserts legal conclusions and requires no response. To the extent the Court determines the paragraph makes factual allegations and requires a response, defendant denies such allegations as set forth in this paragraph.

63. Deny the allegations set forth in paragraph "63," of the Complaint, and respectfully refer the Court to the cited statute, case, and exhibits for a complete and accurate statement of their contents.

64. Deny the allegations set forth in paragraph "64," of the Complaint, and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

65. Paragraph "65" of the Complaint asserts legal conclusions and requires no response. To the extent the Court determines the paragraph makes factual allegations and requires a response, defendant denies such allegations as set forth in this paragraph.

66. Deny the allegations set forth in paragraph "66," of the Complaint, and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

67. Deny the allegations set forth in paragraph "67," of the Complaint, and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

68. Deny the allegations set forth in paragraph "68," of the Complaint except admit that plaintiff was appointed to the title of Police Officer in the NYPD in 2004.

69. Deny the allegations set forth in paragraph "69," of the Complaint, respectfully refer the Court to the cited statute and case law for a complete and accurate statement of their contents.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70," of the Complaint.

71. Deny the allegations set forth in the WHEREFORE paragraph, inclusive.

## AS AND FOR A FIRST DEFENSE:

72. The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE:

73. The Complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit or to exhaust all administrative remedies or both.

## AS AND FOR A THIRD DEFENSE:

74. Any damages sustained by plaintiff were caused by plaintiff's own negligent or otherwise culpable conduct.

## AS AND FOR A FOURTH DEFENSE:

75. Subject to proof of discovery, the damage claims contained in the Complaint are barred, in whole or in part, by the failure to mitigate damages.

## AS AND FOR A FIFTH DEFENSE:

76. Plaintiff's disability discrimination claims must be dismissed because plaintiff was not a qualified person with a disability under the cited laws.

77. Plaintiff's disability discrimination claims must be dismissed because plaintiff was unable to perform the essential requisites of the job with or without reasonable accommodation

**AS AND FOR A SIXTH DEFENSE:**

78. To the extent that plaintiff is claiming that defendants denied her request for a reasonable accommodation, plaintiff's proposed accommodation would have caused undue hardship on defendants and therefore her request for reasonable accommodation was properly denied.

**AS AND FOR A SEVENTH DEFENSE:**

79. An agency of the City of New York is not a suable entity and, thus, any named defendants that are agencies of the City of New York must be dismissed from this case.

**AS AND FOR AN EIGHTH DEFENSE:**

80. To the extent required, defendants engaged plaintiff in a good faith interactive process.

**AS AND FOR A NINTH DEFENSE:**

81. To the extent complained of, defendants' actions were all taken for legitimate, non-discriminatory, non-retaliatory, business reasons.

**AS AND FOR A TENTH DEFENSE:**

82. At all times relevant to the petition, defendants acted reasonably, lawfully, in good faith, without malice, in accordance with the Constitution and laws of the United States, and the State of New York, the Charter and laws of the City of New York, and all applicable statutes, laws, rules, and regulations and were neither arbitrary nor capricious.

**WHEREFORE**, defendants respectfully request that the Complaint be dismissed in its entirety, that the relief requested by plaintiff be denied in all respects, that judgment be entered for defendants, and that defendants be granted such other and further relief as the Court deems just and proper, and

**WHEREFORE,** defendants respectfully request trial by jury of all issues so triable.

Dated:     New York, New York
            September 19, 2016

                                 **ZACHARY W. CARTER**
                                 Corporation Counsel of the
                                   City of New York
                                 Attorney for Defendants
                                 100 Church Street, Room 2-146
                                 New York, New York 10007-2601
                                 (212) 356-0839
                                 mnacchio@law.nyc.gov


                            By:    */s/ Michael Nacchio*
                                        Michael Nacchio
                                   Assistant Corporation Counsel


TO:    **WORTH, LONGWORTH & LONDON LLP**
          Attorneys for Plaintiff
          111 John Street, Suite 640
          New York, New York
          Att:    Howard B. Sterinbach

16 Civ. 05603 (PGG)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| STEVEN SCHMITT,<br><br>                   Plaintiff,<br><br>         - against -<br><br>WILLIAM J. BRATTON, as Police Commissioner of the City of New York, *et al.,*<br><br>                   Defendants |
| **ANSWER** |
| **ZACHARY W. CARTER**<br>*Corporation Counsel of the City of New York*<br>Attorney for Defendants<br>100 Church Street, Room 2-146<br>New York, New York 10007-2601<br><br><br>Of Counsel: Michael Nacchio<br>Tel.: 212-356-0839<br>mnacchio@law.nyc.gov<br><br><br><br>Law Dept. No.: 2016-021816 |
| *Service of which is hereby acknowledged:*<br><br>................................. , N.Y., Dated: .....................<br><br>Signed: ................................................................<br><br>Attorney for: ......................................................... |